# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 18-640V
(not to be published)

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | Chief Special Master Corcoran |
| ADAM CRISPO, | * | |
| | * | Filed:  April 30, 2020 |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., NY, for Petitioner

*James Vincent Lopez*, U.S. Dep't of Justice, Washington, D.C., for Respondent

## RULING GRANTING ENTITLEMENT[1]

On May 4, 2018, Adam Crispo filed a petition seeking compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] Petition at 1(ECF No. 1). Petitioner alleges a Table claim—that he suffered a shoulder injury related to vaccine administration ("SIRVA") attributable to a meningococcal vaccine he received on January 20, 2017. Although the medical records filed in this case establish that Petitioner received extensive treatment for *left* arm and shoulder symptoms, other records seemed to establish that he had

---

[1] This Ruling will be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Ruling will be available to the public in its current form. *Id.*

[2] Counsel filed a status report on November 7, 2019, informing me of Ms. Rowan's passing in September 2019, and also stating that her estate would be continuing to prosecute the claim. ECF No. 34. Earlier this month, counsel indicated that an estate representative had finally been appointed, and the caption has been revised to reflect the new petitioner. Order, dated April 16, 2020 (ECF No. 36).

received vaccines (one meningococcal vaccine and one yellow fever vaccine, which cannot be the basis for a Program claim) in his *right* arm and deltoid.

A one-day fact hearing was held on January 17, 2020, to address both onset and situs of vaccination issues. At the conclusion of the hearing, I made two factual findings necessary, but not sufficient, to find in Petitioner's favor.[3] *See* Order at 1–2, filed Jan. 21, 2020 (ECF No. 36). First, I found that Petitioner preponderantly established pain onset within 48 hours of vaccine administration. *Id.* at 1. Second, I found that Petitioner preponderantly established that he received the vaccines in his left arm. *Id.* at 2.

However, I noted that the hearing did not resolve all the issues regarding entitlement. Order at 2. Petitioner still needed to establish either that the meningococcal vaccine alone caused his injuries, or that it was the most likely "but for" cause of his injury, even if other factors (here, receipt of the yellow fever vaccine) played a role. *See id.* (citing *Shyface v. Sec'y of Health & Human Servs.*, 165 F.3d 1344 (1999)). Proving either theory could require expert testimony, another hearing, or possibly both. *Id.* Further, the facts of Petitioner's case indicated that any potential entitlement award would likely be modest. *Id.* Given all of the above, I encouraged the parties to explore settling the case. *Id.*

On March 23, 2020, the parties submitted a joint status report indicating that Respondent did not intend to defend this case on other grounds, due to the factual findings made at the January 17th hearing. Joint Status Rep. at 1 (ECF No. 42). Respondent requested thirty days to file an amended Rule 4(c) report to set forth his revised position. *Id.* On April 23, 2020, Respondent submitted an amended 4(c) Report, in which he conceded that "Petitioner suffered SIRVA as defined by the Vaccine Injury Table." Amended 4(c) Rep. at 5, filed on April 23, 2020 (ECF No. 43). Respondent maintained that Petitioner's damages—if I award him entitlement—were limited to his "SIRVA and related sequalae only." *Id.* Respondent also requested more information from Petitioner—e.g., more medical records, information on insurance policies, and care that Petitioner received for his SIRVA injury—that would help resolve the amount of compensation in this case. *Id.* at 6–7.

## CONCLUSION

In light of Respondent's Amended 4(c) Report and the concession it contains, as well as my fact hearing findings, I hereby determine that Petitioner has established an entitlement to damages under the Table's SIRVA injury claim, and may therefore receive compensation under the Act for damages related to his SIRVA and its sequalae.

---

[3] To establish a Table SIRVA claim, a petitioner must show that onset of pain occurred within 48 hours, and that the "[p]ain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered." 42 C.F.R. § 100.3(a)(XV)(B), (c)(10)(iii).

In order to guide the parties through the damages phase of the action, a separate damages order will issue.

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master