# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 18-640V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran |
| ADAM CRISPO, | |
|           Petitioner, | Filed: June 26, 2020 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Keywords: Proffer; Decision awarding damages. |
|           Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

*Bruce William Slane*, Law Office of Bruce W. Slane, P.C., NY, for Petitioner

*James Vincent Lopez*, U.S. Dep't of Justice, Washington, D.C., for Respondent

### DECISION AWARDING DAMAGES[1]

On May 4, 2018, Adam Crispo filed a petition seeking compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] Petition at 1(ECF No. 1). Petitioner alleges a Table claim—that he suffered a shoulder injury related to vaccine administration ("SIRVA") attributable to a meningococcal vaccine he received on January 20, 2017. A one-day fact hearing was held on January 17, 2020, to address both onset and situs of

---

[1] Although not formally designated for publication, this Decision will be posted on the United States Court of Federal Claims website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] Counsel filed a status report on November 7, 2019, informing me of Ms. Rowan's passing in September 2019, and also stating that her estate would be continuing to prosecute the claim. ECF No. 34. Earlier this month, counsel indicated that an estate representative had finally been appointed, and the caption has been revised to reflect the new petitioner. Order, dated April 16, 2020 (ECF No. 36).

vaccination issues. At the conclusion of the hearing, I made two factual findings necessary, but not sufficient, to make an entitlement ruling in Petitioner's favor.[3] *See* Order at 1–2, filed Jan. 21, 2020 (ECF No. 36). Thereafter I encouraged the parties to settle the case.

The parties attempted to settle the case. Petitioner made a settlement demand on Respondent. Status Rep., filed February 20, 2020 (ECF No. 41). Then, in a joint status report, the parties informed the court that Respondent did not intend to defend the case on other grounds. Joint Status Rep., filed March 23, 2020 (ECF No. 42). Respondent revised his Rule 4(c) Report to reflect this. Amended Rule 4(c) Rep., filed April 23, 2020 (ECF No. 43). On April 30, 2020, in light of Respondent's Amended 4(c) Report, I issued a ruling finding that Petitioner had established entitlement to damages under the Table's SIRVA injury. Ruling on Entitlement, filed April 30, 2020 (ECF No. 44). The same day, I issued an order to guide the parties through the damages process. Damages Order, filed April 30, 2020 (ECF No. 45).

Now, Respondent had proffered the amount of damages to which he represents that petitioner is entitled. Proffer, filed June 24, 2020 (ECF No. 47).

The Proffer proposes:

- That Petitioner should be awarded $71,888.52, comprised of $70,000.00 for pain and suffering, and $1,888.52 for past unreimbursed out-of-pocket medical expenses;
- that the damages award should be made through a lump sum payment of **$71,888.52** in the form of a check payable to Petitioner; and
- that this amount represents compensation for all elements of compensation under Vaccine Act Section 15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] To establish a Table SIRVA claim, a petitioner must show that onset of pain occurred within 48 hours, and that the "[p]ain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered." 42 C.F.R. § 100.3(a)(XV)(B), (c)(10)(iii).

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.