# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-640V
(Not to be published)

| | | |
|---|---|---|
| ADAM CRISPO, | * | |
| | * | Chief Special Master Corcoran |
| Petitioner, | * | |
| | * | Dated: January 11, 2021 |
| v. | * | |
| | * | Attorney's Fees and Costs. |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

*Bruce W. Slane*, Law Offices of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.

*James V. Lopez*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On June 4, 2018, Adam Crispo filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving the meningococcal vaccine on January 20, 2017. Petition ("Pet.") (ECF No. 1) at 1. A one-day fact hearing in the matter was held on January 17, 2020, to address both onset and situs of vaccination issues. At the conclusion of the hearing, I made two factual findings necessary, but insufficient, to

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

make an entitlement ruling in Petitioner's favor. *See* Order at 1–2, filed Jan. 21, 2020 (ECF No. 36). Thereafter I encouraged the parties to settle the case, and their efforts were successful. On June 24, 2020, Respondent proffered an amount of damages, which I approved in my Decision awarding damages on June 26, 2020. Decision, dated June 26, 2020 (ECF No. 48). This determination was not appealed.

Petitioner has now filed a motion for a final award of attorney's fees and costs for all work performed in this matter. Motion, filed Nov. 17, 2020 (ECF No. 54) ("Mot."). Petitioner requests a final award of $24,090.09—$22,410.00 in attorney's fees[3] plus $1,680.09 in costs—for the work of four attorneys (Mr. Bruce Slane, Esq., Ms. AnnMarie Sayad, Esq., Mr. Christian Martinez, Esq., and Mr. Nathan Pereira, Esq.), in addition to the supportive work of several paralegals. Tab A to Mot., filed on Nov. 17, 2020 (ECF No. 54-1). The costs requested include expenses associated with medical record retrieval, travel expenses, and court filings. *Id.* at 27–28; Tab B to Mot., filed on Nov. 17, 2020 (ECF No. 54-2). Respondent reacted to the fees request on November 17, 2020. *See* Response, dated Nov. 17, 2020 (ECF No. 55). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, and otherwise defers calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$24,090.09**.

**ANALYSIS**

**I.     Reasonable Attorney's Fees**

Under the Vaccine Act, successful petitioners are entitled to an award of reasonable attorney's fees and costs. Section 15(e)(1). Thus, the only question posed herein is the calculation of the award to be made.

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

---

[3] Petitioner's motion requests $22,410.50, but the submitted billing invoice (Tab A) indicates that the total amount billed was $22,410.00, and Petitioner's counsel has confirmed the lesser sum (by fifty cents) to be accurate.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorney and support staff, based on the years work was performed:

|  | 2017 | 2018 | 2019 | 2020 |
|---|---|---|---|---|
| **Mr. Bruce Slane (Attorney)** | $335 | $345 | $355 | $365 |
| **Ms. AnnMarie Sayad (Attorney)** | $225 | - | - | - |
| **Mr. Christian Martinez (Attorney Work)** | - | $200 | $215 | $225 |
| **Mr. Christian Martinez (Paralegal Work)** | - | $148 | $153 | $163 |
| **Mr. Nathan Pereira (Attorney)** | - | $300 | - | - |
| **Ms. Donna Connell (Paralegal)** | $140 | $145 | $148 | $151 |
| **Mr. Paul Segal (Paralegal)** | $140 | $145 | $148 | $151 |
| **Ms. Hannah O'Reilly (Paralegal)** | $140 | $145 | $148 | $151 |
| **Ms. Veronika Tadros (Paralegal)** | - | $140 | - | - |

Mr. Slane and his associates (who practice in White Plains, New York) have repeatedly been found to be "in forum," and are therefore entitled to the rates established in *McCulloch*. The rates requested for Mr. Slane and his associates (as well as the paralegal work performed in this case) are also consistent with what they have previously been awarded in accordance with the Office of Special Masters' fee schedule.[4] *See Bender v. Sec'y of Health & Hum. Servs.*, No. 11-693V, 2019 WL 2142616, at *2 (Fed. Cl. Spec. Mstr. Apr. 15, 2019). I find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable, and therefore award fees for all work performed on the case as requested in the fees application.

## II.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must

---

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Jan. 5, 2021).


also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $1,680.09 in costs, including the expenses of medical record retrieval, travel expenses, and filing fees. *See* Tab A at 27–29; Tab B. Such expenses are typically incurred in the Vaccine Program, and I do not find any of the requested costs in this matter unreasonable. Thus, they shall be awarded in full without reduction.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of $24,090.09, reflecting $22,410.00 in attorney's fees and $1,680.09 in costs, in the form of a check made jointly payable to Petitioner and his attorney Mr. Bruce Slane.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.